UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:     Rodger Lee Kenney           Case No.: 13-31594

Debtor

Chapter 13

_____

Rodger Lee Kenney

Plaintiff,

v.                      Adversary Proceeding No.

Virginia Credit Union,
Christopher L. Perkins, Trustee,
Katja Hill, Trustee
         Defendants.

SERVE:

Virginia Credit Union
P.O. Box 90010
Richmond, VA 23225

President and Chief Executive Officer
Virginia Credit Union
Jane Watkins
P.O. Box 90010
Richmond, VA 23225

Jane G. Watkins, Registered Agent
c/o Virginia Credit Union
P.O. Box 90010
Richmond, VA 23225

Christopher L. Perkins, Trustee,
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219

Katja Hill, Trustee,
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219

## COMPLAINT TO DETERMINE VALIDITY, EXTENT, AND PRIORITY OF LIEN PURSUANT TO 11 U.S.C. §506(a)

COMES NOW the Plaintiff, Rodger Lee Kenney, by counsel, and presents this Complaint to Determine the Validity, Extent, and Priority of Lien held by Virginia Credit Union, pursuant to 11 U.S.C. §506(a), and in support thereof states as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.

2. This proceeding is a core proceeding as defined in 28 U.S.C. §157(b)(2)(B) and (K).

3. On March 22, 2013, Rodger Lee Kenney (hereinafter "Plaintiff") filed for relief under Chapter 13 of the Bankruptcy Code and Robert E. Hyman is the Trustee of the Plaintiff's case.

4. This Complaint is filed pursuant to Local Bankruptcy Rule 7001 to determine the validity, extent, and priority of a lien or other interest in property.

5. Plaintiff is the Debtor in the associated Chapter 13 bankruptcy case now pending before this Court.

6. The Defendant, Virginia Credit Union, (hereinafter "Defendant"), is a corporation authorized to do business in the Commonwealth of Virginia.

7. That at the time of the filing of the petition in this case, and now, Plaintiff is the owner of certain real property, which is known as 12314 Spotswood Furnace Drive Fredericksburg, VA 22407 (hereinafter "the Property"), and more particularly known as:

> ALL THAT CERTAIN LOT OR PARCEL OR TRACT OF LAND SITUATE, LYING AND BEING IN CHANCELLOR MAGESTERIAL DISTRICT, SPOTSYLVANIA COUNTY, VIRGINIA, CONTAINING 3.0207 ACRES, AND BEING THE SAME PROPERTY SHOWN ON PLAT OF SURVEY

>PREPARED BY H. AUBREY HAWKINS ASSOCIATES, LTD. DATED JUNE 22, 1993. BEING THE REMAINDER OF THE REAL ESTATE CONVEYED UNTO WILLIAM L. KENNEY AND PEGGY KENNEY, HIS WIFE, BY DEED FROM ARTHUR L. FOLTZ AND HELEN C. FOLTZ, HIS WIFE, DATED MARCH 15, 1971, RECORDED IN DEED BOOK 277, PAGE 540, IN THE OFFICE OF THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY, VIRGINIA.

8. That a comparative market analysis (CMA) of the Property conducted February 8, 2013 revealed a value of $100,000.00-$110,000.00. A copy of the realtor's report is attached hereto as Exhibit "1".

9. That the Deed of Trust held by Defendant secures a second Deed of Trust, a copy of which is attached hereto as Exhibit "2", which at the time of filing had a pay-off of approximately $ 24,728.00.

10. That the second Deed of Trust is subordinate to a purchase money first Deed of Trust held by Virginia Credit Union, a copy of which is attached hereto as Exhibit "3".

11. That at the time of filing, the first Deed of Trust had a pay-off of approximately $136,364.00, an amount in excess of the value of the Property set forth in Exhibit "1". A copy of the proof of claim filed by Virginia Credit Union evincing this pay-off amount is attached hereto as Exhibit "4".

12. That based on the foregoing, the lien held by Defendant is wholly unsecured pursuant to 11 U.S.C. §506(a).

**WHEREFORE** the Plaintiff respectfully prays that this Court:

   A. Declare the lien on the Property in favor of Defendant by way of the second Deed of Trust wholly unsecured;

   B. Declare that the said lien on the Property in favor of Defendant is hereby avoided and stripped off as being unsecured;

C. Order Defendant to amend its proof of claim to reflect its unsecured interest;

D. Order Defendant to release its Second Deed of Trust lien against the Property; and

E. Award Plaintiff such other and further relief as is deemed just and proper.

DATED: **9/10/2014**

                                      RODGER LEE KENNEY
                                      By Counsel

By:    /s/ Roger C. Hurwitz
         Roger C. Hurwitz, VSB #51016
         *Counsel for Debtor/Plaintiff*
         The Debt Law Group
         4036 Plank Rd.
         Fredericksburg, VA 22407
         (540) 412-1463
         rchurwitz@gmail.com